## SARAH D. PEABODY *v.* GEORGE ALDRIDGE.

**Fraud—Who May Plead and Rely Upon Fraud.**

One party litigant cannot set up and rely on an alleged fraud against another party as a cause of action, where such other party is making no complaint.

## APPEAL FROM LARUE CIRCUIT COURT.

### June 25, 1877.

OPINION BY JUDGE LINDSAY:

It is insisted the notes of Stubb were made payable to the wife, son and granddaughter of Reynolds, the vendor of the land, for the fraudulent purpose of preventing said vendor's creditors from reaching and subjecting them to the payment of their debts. This was not a fraud on this appellee, nor on any one through whom he claims title. Mrs. Peabody was from the first the legal holder of the title to the note made payable to her, and when Reynolds appeared in court as her next friend, and jointly with her sought and obtained judgment on the note, her title became absolute and perfect, and she is now asking no relief, either at law or in equity, and this appellee cannot take advantage of nor profit by the alleged fraud of Reynolds.

It may well be doubted whether Reynolds, as next friend, had the right to satisfy the judgment in favor of Mrs. Peabody by the acceptance of property, and it is by no means clear that he could collect the money due her without the sanction of the chancellor, but it is certain that he had no power to cancel the bargain and contract with Stubb and wife, and, by rescinding it, defeat the collection of the infants' judgment altogether. And yet this is what the appellee alleges the said Reynolds did, or attempted to do.

It also appears that appellee acquired title under the purchase of Phillips, who became the owner of the two notes executed by Reynolds to Stubb and wife when the contract of sale was cancelled. Phillips enforced his lien by an action in equity. Both Phillips and appellee must, therefore, be presumed to have had notice of the judgment in favor of Mrs. Peabody. In fact, appellee does not claim that he did not have actual notice of its existence. Further than this, he does not aver that he paid anything for the land, and the most that can be inferred from his statements is that he satisfied the two hundred dollars due to Phillips, with interest and costs, and by so doing acquired title to a tract of land which cannot be worth less than six hundred dollars. These facts tend to show that the parties were not only aware of the existence of the judgment in favor of Mrs. Peabody, but that they contracted in view of the land being bound for its payment. The failure of appellee either to testify himself or to offer Phillips as a witness adds weight to this inference.

It is not necessary to determine whether, in any state of case, a court of equity will assist a party who claims under a fraudulent con-

tract or arrangement. It is sufficient to say that Mrs. Peabody does not ask the assistance of a court of equity. It is the appellee who invokes its aid, and he cannot have her judgment nullified or disregarded because of an alleged fraud upon parties who do not complain.

Judgment *reversed* and cause remanded with instructions to dissolve the injunction and dismiss the petition of the appellee.

*T. A. Robinson, W. H. Chelf, for appellant.*

*Read & Twyman, for appellee.*